## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVEN KIMBLE, individually
and for others similarly situated,

      Plaintiff,

v.                                    Case No. 2:22-cv-674-MLG-GJF

EOG RESOURCES, INC.,

      Defendant.

## ORDER DENYING MOTION TO STRIKE

      This matter comes before the Court on Plaintiff's Motion to Strike and/or Dismiss Certain Affirmative Defenses. Doc. 14. Having reviewed the parties' filings and relevant legal authority, the Court will deny Plaintiff's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that Defendant failed to compensate him for overtime pay as required pursuant to the Fair Labor Standards Act and the New Mexico Minimum Wage Act. Plaintiff filed his Complaint on September 13, 2022 and requested certification of a class and collective. Doc. 1. Defendant timely submitted its Answer on October 13, 2022. Doc. 14. That pleading included numerous affirmative defenses attendant to the claims presented. *Id.* Thereafter, on November 1, 2022, Plaintiff filed his motion seeking to strike or dismiss three of those defenses including the following:

> Upon information and belief, and subject to further investigation, the claims asserted against EOG by Plaintiff and the individuals he seeks to represent are subject to a valid arbitration agreement. EOG reserves its right to compel arbitration of all claims asserted against it that are subject

to a valid arbitration agreement, and notice should not be provided to any such person.

Assuming, arguendo, Plaintiff or the individuals he seeks to represent are entitled to recover damages in this action, Plaintiff or the individuals he seeks to represent cannot recover for noncompensable or de minimis matters and their claims would be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiff or the individuals he seeks to represent during the time period for which damages are sought, including any time for which Plaintiff or the individuals he seeks to represent were paid but did not work.

Subject to further discovery, any alleged losses and damages, if any, of Plaintiff and the individuals he seeks to represent are the result of, and directly related to, Plaintiff's and any alleged class members' own conduct or the conduct of third parties' actions and/or failure to act.

Doc. 14 at 18, 23–24. Plaintiff takes issue with these affirmative defenses claiming, *inter alia*, that the Defendant has failed to provide a sufficient basis to substantiate the defenses or that the stated defense is inapplicable to FLSA claims. Doc 14 at 3–7.

After briefing on this matter was completed, Plaintiff filed a notice indicating he would file an amended pleading omitting his request to certify this matter as either a collective or class action. Doc. 23. While that change in status may arguably do away with some of the disputes raised in Plaintiff's motion to strike, it is not dispositive. Accordingly, the Court has issued this opinion addressing the matter.

## OPINION

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "striking a portion of a pleading is a drastic remedy" and requests for such relief is generally "viewed with disfavor by federal courts." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2015). Before this type of

motion can be granted "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980) (citations omitted). Put differently, a motion to strike is granted in those rare instances where "the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense*." United States ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4 (D.D.C. 2015).

Against this legal backdrop, Plaintiff first asks the Court to strike or dismiss "EOG's arbitration defense[.]" Doc. 14 at 4. In Plaintiff's view, Defendant has not provided sufficient information to afford fair notice or document support for the existence of a binding arbitration agreement. *Id*. But Plaintiff asks more than the Federal Rules of Civil Procedure require. Federal Rule of Civil Procedure 8(b)(1)(A) instructs that a defendant must only "state in short and plain terms" any defenses and Federal Rule of Civil Procedure 8(d)(2) allows for defenses to be made "alternatively or hypothetically." Defendant is not obligated to produce or otherwise prove up the existence of an arbitration agreement as part of its Answer.

Further, case law makes plain that "a motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact." *Linker v. Custom-Bilt Mach., Inc.*, 594 F. Supp. 894, 898 (E.D. Pa. 1984) ("a motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact."). *See also Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989) ("When facts are in dispute, as in the case presently before the Court, a motion to strike will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.") (citation omitted); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-

3

2465-KHV, 2008 U.S. Dist. LEXIS 13221, at *6 (D. Kan. Feb. 19, 2008) ("[T]he Court will not resolve factual disputes on the motion to strike."). The Court can find no compelling reason to deviate from this decisional authority. As it stands presently, the existence of a binding arbitration agreement is a fact question, which Plaintiff can easily resolve through the discovery process. There is no legal or practical basis to strike Defendant's arbitration defense at this nascent stage of the litigation.

Plaintiff's request to strike Defendant's affirmative defense of offsets and deductions is similarly misplaced. As another court in this district noted, "employers may be entitled to credits where the money being set-off can be considered wages that the employed prepaid the plaintiff-employee," *White v. EOG*, No. 1:22-cv-00025-KWR-SCY (D.N.M. May 3, 2021) (citations omitted), and the Tenth Circuit has suggested that offsets may provide an affirmative defense in some limited circumstances. *Mencia v. Allred*, 808 F.3d 463, 473 (10th Cir. 2015) (citations omitted). Taken together, these cases allow for the possibility that Defendant may be permitted to offset its damages should Plaintiff prevail on its claims. This defense cannot be fairly characterized as frivolous or having no chance of success.

Finally, Plaintiff moves to strike Defendant's thirtieth affirmative defense, which states that "any alleged losses and damages . . . of Plaintiff and the individuals he seeks to represent are the result of, and directly related to, Plaintiff's and any alleged class members' own conduct or the conduct of third parties' actions and/or failure to act." Doc. 14 at 23–24. This request presents a closer call. Defendant asserts this language is intended to invoke "a defense of estoppel based on the conduct of Plaintiff, the individuals he seeks to represent, and/or third parties." Doc. 16 at 9. In response, as Plaintiff correctly points out, the Tenth Circuit has ruled that "the use of equitable estoppel in FLSA wage claims is limited because such claims lie in an

area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy." *Mencia*, 808 F.3d at 470 (internal quotation marks and brackets omitted). *See also Marshall v. Quik-Trip Corp.*, 672 F.2d 801, 806 (10th Cir. 1982) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (internal quotation marks and citations omitted)). However, the Tenth Circuit's holding does not absolutely foreclose the possibility that estoppel may provide a valid defense. And other courts have found that estoppel may apply to FLSA cases "when the employee affirmatively misleads the employer regarding the number of hours worked and the employer has no knowledge of the employee's actual hours." *Acosta v. Luxury Floors, Inc.*, No. 18-cv-01489 (WMW/ECW), 2018 U.S. Dist. LEXIS 221484, at *20 (D. Minn. Dec. 7, 2018). Further, there appears to be disagreement in the circuits over the applicability of estoppel as a defense to an FLSA claim for overtime compensation. *See Smith v. ABC Training Ctr. of Md., Inc.*, No. JFM-13-306, 2013 U.S. Dist. LEXIS 108088, at *26 (D. Md. Aug. 1, 2013) (addressing conflicting circuit opinions).  Given the lack of binding precedent and the split of decisional authority from other circuits, the application of estoppel to the claims in this matter presents a question of fact and law that this Court ought to address.

The claims and defenses will be fleshed out as the litigation proceeds. Indeed, the scope of this matter has narrowed significantly since its inception. Whether the affirmative defenses at issue in Plaintiff's motion are meritorious cannot yet be determined. The Court is unable to conclude that they lack factual basis or are insufficient as a matter of law. For this this reason, and based on the preceding discussion, the Court will deny Plaintiff's Motion to Strike and/or

Dismiss Certain Affirmative Defenses (Doc. 14).

IT IS SO ORDERED.


MATTHEW L. GARCIA
UNITED STATES DISTRICT JUDGE