UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STEVEN KIMBLE,<br><br>　　Plaintiff,<br><br>v.<br><br>EOG RESOURCES, INC.<br><br>　　Defendant. | Civil Action No.<br>2:22-cv-00674- MLG-DLM<br><br>JURY TRIAL DEMANDED |

### DEFENDANT EOG RESOURCES INC.'S RESPONSE TO INTERVENOR BEDROCK PETROLEUM CONSULTANTS, LLC'S MOTION TO COMPEL ARBITRATION

Defendant EOG Resources, Inc. ("EOG") files this Response to Intervenor Bedrock Petroleum Consultants, LLC 's ("Bedrock") Motion to Compel Arbitration ("Motion") (Doc. 59).

### INTRODUCTION

Plaintiff Steven Kimble ("Plaintiff") filed this lawsuit against EOG alleging that he was misclassified as an independent contractor of EOG but he was actually an EOG employee. As such, Plaintiff claims he is entitled to recover from EOG allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). But, the facts show that Plaintiff was never an employee of EOG. Instead, Plaintiff provided services to EOG through Intervenor Bedrock, who contracted with Plaintiff as an independent contractor and paid Plaintiff to provide water transfer consultant services to Bedrock's client—EOG. The agreement between Plaintiff and Bedrock contains a mandatory arbitration clause that applies to any claims made by Plaintiff related to his work for Bedrock, which includes Plaintiff's work for EOG through Bedrock. Bedrock has intervened in this case to enforce that arbitration agreement.

In an effort to avoid the mandatory arbitration provision, Plaintiff filed this lawsuit solely against EOG. In fact, Plaintiff's Complaint makes no mention of Bedrock. But, Plaintiff cannot

1

conveniently ignore that his contractor agreement was with Bedrock (not EOG), that he only provided services to EOG pursuant to a Master Services Agreement ("MSA") between EOG and Bedrock, and that Bedrock was solely responsible for classifying and paying Plaintiff.

EOG does not oppose Intervenor Bedrock's Motion to Compel Arbitration and agrees that the Court should compel arbitration of Plaintiff's claims between Bedrock and Plaintiff pursuant to their agreement. EOG requests, however, that the Court stay all remaining proceedings, including Plaintiff's claims against EOG, pending the conclusion of the arbitration.

## RELEVANT FACTUAL BACKGROUND

Bedrock specializes in providing staffing support for customers in the oil and gas industry. (Doc. 59 at 8). Bedrock provided various water transfer consultant services to EOG pursuant to an MSA negotiated and entered between them. *See id.* The MSA makes clear that Bedrock and its independent contractors who are providing the services to EOG are not employees of EOG. *Id.* at 9. Moreover, the MSA makes clear that Bedrock is solely responsible for the classification and the payment of its personnel. *Id.* Pursuant to the MSA, Bedrock agreed to indemnify EOG against any claims of misclassification pursuant to the MSA and any class or collective action claims. *Id.*

Plaintiff entered his own agreement with Bedrock (the "Kimble-Bedrock Agreement"). *Id.* at 10. Pursuant to that agreement, Plaintiff agreed that "all claims arising out of or relating to any aspect of" the Kimble-Bedrock Agreement would be subject to binding arbitration. *Id.* at 10-11. The agreement also expressly stated that Bedrock was entering into the agreement for Plaintiff to provide services to Bedrock's clients, such as EOG. *Id.* at 12.

On September 13, 2022, Plaintiff filed this lawsuit against EOG (Doc. 1). On March 29, 2023, Bedrock filed a Motion to Intervene (Doc. 34), which Plaintiff did not oppose and was granted by this Court. (Doc. 56). On July 6, 2023, Bedrock filed a Motion to Compel Arbitration

arguing that Plaintiff's claims in this lawsuit are subject to a valid arbitration agreement and the Court should therefore compel arbitration. (Doc. 59).

## ARGUMENT

EOG does not oppose Intervenor Bedrock's Motion to Compel Arbitration. As raised in Bedrock's Motion to Compel Arbitration, the scope of the arbitration agreement covers all of Plaintiff's claims. *Id.* Further, the doctrines of intertwined claims estoppel and third-party beneficiary theories require that the arbitration provision in the Bedrock-Kimble Agreement be followed and that Plaintiff's claims be compelled to arbitration. *Id.*

Plaintiff's claims against EOG, however, should be stayed pending the conclusion of the arbitration between Plaintiff and Bedrock. According to Section 3 of the FAA, the court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. A stay under Section 3 in such circumstances is mandatory and failure to stay is error. *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017); *Dreamstyle Remodeling, Inc. v. Renewal by Anderson, LLC*, No. 22-CV-127, 2023 WL 246842, at *8 (D.N.M. Jan. 18, 2023).

Courts within this Circuit have routinely compelled arbitration and ordered a stay of the litigation pending the outcome of an arbitration proceeding. In *Goldsborough v. Newpark Drilling Fluids, LLC*, 2:19-CV-00309, 2020 WL 619211, at *5 (D.N.M. Feb. 10, 2020), the plaintiff signed an independent contractor agreement with a fluid consultant company to provide services to that company's customers. The agreement contained a mandatory arbitration agreement. *Id.* The plaintiff later sued the *customer* alleging the customer violated the New Mexico Minimum Wage Act by failing to pay him and others overtime. *Id.* at *1. The court compelled plaintiff's claims

to arbitration and dismissed the lawsuit. *Id.* at *5. Similarly, in *Snow v. Silver Creek Midstream Holdings, LLC*, 467 F. Supp. 3d 1168, 1178 (D. Wyo. 2020),[1] the plaintiff entered an agreement with his employer to provide services to that company's customers. The plaintiff later sued the *customer* (but did not sue the employer) alleging that the customer violated the FLSA by failing to pay him overtime. *Id.* at 170. After the employer moved to intervene and compel arbitration, the court compelled arbitration and stayed the case pending the outcome of arbitration. *Id.*

Because Plaintiff's claims are subject to a mandatory arbitration agreement and his claims in this lawsuit against EOG are based on the same operative facts and seek relief under identical statutes, the Court should grant a mandatory stay under Section 3 of the FAA.

## **CONCLUSION**

For the foregoing reasons, EOG respectfully asks this Court to compel arbitration between Plaintiff and Bedrock and to stay all remaining proceedings, including Plaintiff's claims against EOG, pending the conclusion of the arbitration. EOG further requests all other relief, at law or in equity, to which EOG may be justly entitled.

---

[1] Plaintiff's counsel in the *Silver Creek* lawsuit is Plaintiff's counsel in this lawsuit. They are therefore aware of the propriety of a stay pending arbitration.

DATED: August 10, 2023

                                          Respectfully submitted,

**HOLLAND & HART LLP**

By: */s/ Robert J. Sutphin*
Robert J. Sutphin
John C. Anderson
Little V. West
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: 505.988.4421
Fax: 505.983.6043
rsutphin@hollandhart.com
jcanderson@hollandhart.com
lvwest@hollandhart.com


**NORTON ROSE FULBRIGHT US LLP**

*/s/ Carter Crow*
    M. Carter Crow
    Kimberly Cheeseman
    Jesika Silva Blanco
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
carter.crow@nortonrosefulbright.com
kimberly.cheeseman@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendant EOG Resources, Inc.*

## **CERTIFICATE OF SERVICE**

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 10, 2023.

Michael A. Josephson
Andrew Dunlap
Ian L. Justice
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
Telephone: (713) 352-1100
Facsimile: (713) 352- 3300
mjosepson@mybackwages.com
adunlap@mybackwages.com
ijustice@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77005
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
rburch@brucknerburch.com

*/s/ Robert J. Sutphin*
Robert J. Sutphin

30261124_v1