# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| STEVEN KIMBLE, Individually and for Others Similarly Situated, | **Case No. 2:22-cv-00674-KRS-MLG** |
| v. | |
| EOG RESOURCES, INC. | |

## KIMBLE'S RESPONSE TO ORDER TO SHOW CAUSE

Before providing a substantive response, the undersigned counsel apologizes to the Court and to counsel of record for non-appearance at the hearing scheduled for March 19, 2024. While inadvertent, this error is particularly vexing for the undersigned and his firm. Hopefully, this response will provide some context and persuade this Court that no further action is necessary.

As is common at many firms, Josephson Dunlap assigns primary responsibility for calendaring dates (such as hearings, response dates, etc.) to the paralegal assigned to the case. When the March 19th hearing was noticed on January 30, 2024 (Dkt. 68), the firm's procedure called for it to be added to the firm's calendar. This procedure is followed for thousands of events each year without incident. Unfortunately, the paralegal assigned to this matter was terminated shortly after the Court issued the hearing notice. Due to that staff turnover, this hearing was not calendared on the undersigned counsel's itinerary.

Undersigned counsel's firm also uses a backstop software program, called Docketbird, to automatically log docket entries. Docketbird is tied to the firm's internal software system as a backstop to catch potential calendaring errors. For some unknown reason, the link between Docket Entry No. 68 did not connect to the firm's backup calendaring system. In other words, in addition to the staff turnover, the firm's safety net unexpectedly failed.

-1-

Those calendaring shortfalls led to another error for undersigned counsel: because the hearing was not on the undersigned counsel's calendar or itinerary in February, undersigned counsel scheduled and underwent a minor medical procedure on Thursday, March 14th. While that procedure would not prevent counsel from appearing at the hearing remotely or telephonically, it would have prevented counsel from traveling to New Mexico on March 19. Had the hearing appeared on the undersigned counsel's calendar, counsel would have either made arrangements to move the procedure or requested permission to appear at the hearing remotely/telephonically ahead of time.

It is not lost on counsel that the Court's time is scarce and valuable. All of Mr. Kimble's counsel take their obligations to the Court seriously. As reflected by Kimble's 28-page opposition to Bedrock's motion to compel arbitration (Dkt. 63), which was filed as directed by the Court (Dkt. 61), counsel take their obligations to Mr. Kimble seriously. They respectfully submit this inadvertent error is out of character and does not warrant further sanctions.

Respectfully, EOG and Intervenor were not prejudiced by the inadvertent calendaring error. If counsel's failure to appear had prevented the hearing from proceeding (and thereby prevented those parties from presenting their arguments), an award of fees or costs might make some sense. However, both EOG and Intervenor attended the hearing and presented their arguments to the Court. Had the undersigned's calendaring system not failed, Kimble's counsel would have appeared to present argument on this issue. Thus, requiring Kimble's counsel to pay fees and/or costs to those entities does not strike the undersigned as equitable.

At the end of the day, undersigned counsel is responsible for the calendaring errors that occurred and should have caught them before the hearing took place. Undersigned counsel sincerely apologizes for inconveniencing the Court and the parties who attended the hearing in-person. The oversight was inadvertent and should not have occurred.

Date:   March 22, 2024                                         Respectfully submitted,

/s/ William M. Hogg
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**William M. Hogg**
Texas Bar No. 24087733
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court through the Court's CM/ECF filing system, which will send notice of this filing on all counsel of record.

/s/ William M. Hogg
**William M. Hogg**